## The Standard Brewery, Defendant in Error, v. John Lynch, Plaintiff in Error.

## Gen. No. 21,225.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by the Standard Brewery, a corporation, plaintiff, against John Lynch, defendant, in the Municipal Court of Chicago, to recover on a contract to purchase beer and to rent saloon fixtures. To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

The defendant entered into a contract with plaintiff, dated the 27th of March, 1908, agreeing to purchase and receive from the brewery, and from no other person, firm or corporation, all the domestic draft and bottled beer which might be kept for sale or sold by him, his agent or his servant, at, in or about his saloon at 2012 Dearborn street, Chicago, from the 1st of May, 1908, to the 30th of April, 1911, except some Budweiser beer, and the brewery agreed to furnish during that time all the beer necessary to supply defendant's needs. Plaintiff also agreed to supply defendant with certain saloon furniture and fixtures.

The contract provided that in case of breach by defendant, he should pay to plaintiff the sum of two hundred dollars "as and for its liquidated damages for and on account of loss of profits on the sale of beer by reason of such breach of contract," and in addition pay the sum of two hundred dollars for the reasonable rental for the use of furniture and fixtures furnished under the contract and as reimbursement for expenses incurred in equipping the premises for the conduct of defendant's business.

The contract further provided that if defendant, his heirs, etc., have domestic beer of other manufacturers than plaintiff upon his saloon premises, such fact shall be deemed and taken to be a breach of this contract and shall entitle the plaintiff to the damages specified.

Defendant in his affidavit of defense denied that he executed the contract, or that he ever had any dealings with plaintiff, and further denied that there was at

any time any domestic beer of the manufacture of any person, firm or corporation other than plaintiff sold at the saloon or kept on the saloon premises, except Budweiser beer; averred that a Mrs. Jahn owned and ran the saloon, and that he was only her barkeeper and never had any financial interest in the saloon except to draw his wages.

OSCAR E. LEINEN, for plaintiff in error.

BAKER & HOLDER, for defendant in error; G. RAYMOND COLLINS, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1411*—*when verdict of jury will not be disturbed.* Where the evidence is conflicting the verdict of a jury will not be disturbed although the jury may have believed some witnesses and discredited others, especially where the witnesses discredited were contradicted by admitted facts, for the reason that in such case it is the province of the jury to find the facts, and having the witnesses before them and observing them on the stand, together with their candor or want of it, they may better decide to which witnesses credit should be given.

2. WITNESSES, § 275*—*when jury may discredit testimony of witness.* Where the testimony of a witness is contradicted by admitted facts, it is proper for the jury to regard such admitted evidential facts as controlling, and to discredit the testimony of the witness in so far as in conflict with such facts, as where in an action to recover on a contract whereby defendant agreed to purchase beer of plaintiff for use in a named saloon, defendant first denied ownership of the saloon and later admitted that both the license and "beer book" thereof were in his name.

3. DAMAGES, § 88*—*when contract provides for liquidated damages and not for penalty.* In an action to recover on a contract whereby defendant, a saloon-keeper, agreed to sell no domestic beer except that manufactured by defendant, which contract provided that in case of breach by defendant a sum of money recited therein to be liquidated damages should be paid to plaintiff, *held* that the damages provided were liquidated damages and not a penalty, there

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

being no evidence of fraud or circumvention, and the amount. not appearing to be unconscionable or disproportionate to the damages likely to result from the breach.

4. DAMAGES, § 66*—*measure of damages for breach of contract to buy beer and rent saloon fixtures.* In an action on a contract which provided for liquidated damages in case of breach by defendant and also for a payment of rental for the use of saloon fixtures supplied to defendant by plaintiff, and as reimbursement for expenses incurred in installing such fixtures, a judgment for plaintiff *held* not erroneous in that it represented the combined amount of such sums.